WALKER, Presiding Justice,
for the Court:
This is an appeal from the Chancery Court of the Second Judicial District of Harrison County, wherein the chancellor held that a contract between the parties was unenforceable due to a mutual mistake of a material fact.
On February 14, 1980, the parties executed a contract for the sale of the M/V MISS SHERRY, a seventeen-ton fishing vessel. The seller, M.C. Hilbert, is a resident of Biloxi, Mississippi, while the buyer, Giau Thanh Le, is a resident alien living in California. The contract was prepared by Fred Lusk, an attorney in Biloxi. The agreed price was $30,000.00, $10,000.00 of which was given as a down payment and paid into Mr. Lusk’s trust account on the day the contract was executed. The balance of the purchase price was due after the necessary transfer papers were completed. The contract further provided:
(4) Vessel will be undocumented.
[[Image here]]
(6) That Buyer will be allowed to take the boat to the shipyard for repairs during the time for completion of papers undocumenting the boat, and if for any reason during the time the boat is in the shipyard for repairs, the sale is not consu-mated [sic] because of any action on the seller’s part, or the undocumentation of the boat by the Government, then the seller will reimburse the buyer the amount of money spent for repairs to the boat.
(7) That the final papers for undocu-mentation of the boat will be returned to Janice White, of the law office of Frederick J. Lusk, Jr. for final handling.
(8) Immediately upon the undocumen-tation of the boat, the sale will be final not to exceed the time of two (2) months.
Several days after execúting the contract, Mr. Hilbert turned the vessel over to Nguyen Thanh, an agent of Mr. Le’s. Mr. Thanh began making repairs and improvements to the boat. On April 7, 1980, the Maritime Commission issued an order approving the conveyance of the MISS SHERRY to the appellee. Before the balance of the purchase price was paid to Mr. Hilbert, however, it was learned that Federal law (16 U.S.C.A. §§ 1811, 1857-1861; 46 U.S. *1355 C.A. §§ 262, 319) prohibits resident aliens from using boats over five tons as a commercial fishing vessel within two hundred miles of the United States Coast. Since Mr. Le planned to use the boat for commercial fishing within two hundred miles of the Coast, he requested the return of his $10,-000.00 deposit together with the cost of improvements and repairs made on the boat. Mr. Hilbert refused the request, insisting that the contract be performed notwithstanding the prohibition contained in the Federal statute.
Mr. Lusk, the attorney who prepared the contract, then filed an interpleader action and tendered the $10,000.00 down payment into the registry of the Chancery Court. Both parties thereafter laid claim to the $10,000.00. The chancellor entered an order allowing the interpleader action and discharging Mr. Lusk. He later ordered that the action be consolidated for trial with an action brought by Mr. Giau Thanh Le against M.G. Hilbert arising out of the same transaction.
After a hearing, the chancellor found, “that the term undocumented as referred torn the contract of sale was intended to mean that the vessel could not only be purchased by an alien but also be used by that alien in the fisheries of the United States.” Since Federal law prohibits such use by an alien, the chancellor held that the parties entered into the contract under a mutual mistake of fact. He declared the contract to be a nullity and ordered the return of the $10,000.00 down payment to Mr. Le. Furthermore, the chancellor awarded Mr. Le the sum of $3,496.25 for repairs and improvements made to the MISS SHERRY. This amount was set off, however, by an award of $1,960.63 to Mr. Hilbert for equipment that was missing when the boat was returned. From this judgment and decree, the appellant has perfected an appeal to this Court and assigns as error the following:
The Court erred in finding that there was a mutual error of fact by both of the parties and that the contract entered into between them was a nullity.
The record is abundantly clear that the sale of the boat to Mr. Le was legal. Federal law in no way prohibits an .alien from owning a vessel such as the MISS SHERRY.
Moreover, there is nothing in the record to substantiate the chancellor’s holding that the contract was predicated upon Mr. Le’s ability to use the vessel for commercial fishing. “The term documented means registered or enrolled or licensed under the laws of the United States, whether permanently or temporarily.... ” (46 U.S.C.A. § 911). It logically follows that the term “undocumented” as used in the contract refers to the removal of the title from the seller’s name and surrender of the seller’s license. Undocumentation was clearly accomplished by the April 7,1980 order of the Maritime Commission, which approved the conveyance of the MISS SHERRY to Mr. Le.
The sole reason for Mr. Le’s failure to perform according to the contract was the fact that he could not use the vessel for commercial fishing. His lack of knowledge on this matter was due to his own inattention and personal negligence in failing to determine his legal rights in operating the vessel. This information was equally accessible to both parties. The buyer’s negligence before entering into the contract cannot be imputed to the seller. Furthermore, the seller in no way misled or took advantage of Mr. Le.
In Terre Haute Cooperage v. Branscome, 203 Miss. 493, 35 So.2d 537 (1948), this Court quoted with approval from 2 Pomeroy’s Equity Jurisprudence section 856 (4th Ed. 1918), wherein it is stated that: “Equity would never give any relief from a mistake, if the party could by reasonable diligence have ascertained the real facts; nor where the means of information are open to both parties and no confidence is reposed; .... ” (203 Miss. at 500, 35 So.2d 537). See also Hunt v. Davis, 208 Miss. 710, 45 So.2d 350 (1950). We are of the opinion that the chancellor manifestly erred in finding that there was a mutual mistake between the parties. The contract was entirely legal *1356 and binding and the only mistake was that of the appellee with respect to his personal legal rights.
The decision of the lower court is reversed and this cause is remanded to the Chancery Court for enforcement of the contract.
It is not necessary that we reach the cross-appeal.
REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
PRATHER, J., took no part.